UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN D BOZEMAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-780-JAR |
| | ) |
| JUDGE CRAIG KENNEDY HIGGINS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Melvin D Bozeman, Jr.'s motion for leave to proceed *in forma pauperis*. Based on the affidavit filed in support of the motion, the motion will be granted. Additionally, the Court will dismiss plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this complaint against Judge Craig Kennedy Higgins of the St. Louis City Circuit Court, seeking a "writ of certiorari to be ordered to review the case entitled 2022-AC12162." Based on a review of Missouri Case.net, plaintiff was involved in an underlying state court action for unlawful detainer pursuant to Missouri Revised Statute Chapter 534.[1]  *See*

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

*Breckenridge Prop. Fund 2016, LLC v. Tolen*, No. 2022-AC12162 (22nd Jud. Cir. filed Dec. 29, 2020). Defendant presided over this underlying action, and plaintiff acted as his own attorney. *Id.*

On June 23, 2021, after a bench trial, plaintiff was found to have unlawfully possessed property located at 4206 Delmar, St. Louis, Missouri, owned by Breckenridge Property Fund 2016, LLC. On July 6, 2021, the property company filed an execution for possession of premises against plaintiff. *Id.*

Although plaintiff asserts various legal theories in his complaint, he seeks to hold defendant liable for due process violations arising out of the state court proceedings. He also challenges the state court's subject matter and personal jurisdiction. For relief, plaintiff seeks a "writ of certiorari to ensure that all measures of equity and justice continue to prevail in a justiciable manner, and serve the people in whom these practices adversely affect, especially the [plaintiff.]"

## Discussion

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Judicial immunity applies in this case and provides defendant with immunity from suit. Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his

immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff's allegations of defendant's wrongdoing fall squarely within those acts normally performed by a judge in his judicial capacity. *See Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Thus, defendant's judicial immunity from § 1983 actions bars plaintiff's recovery in this case.

To the extent plaintiff is seeking federal review of the Missouri state court decision, this Court has no jurisdiction. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings are commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine provides that a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). This is so because federal district courts "exercise original, not appellate, jurisdiction." *Exxon Mobil*, 544 U.S. at 283.

For these reasons, the Court will dismiss plaintiff's case on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of July, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE